**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DARRYL E. CRISLIP,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-26-314-R** |
| | ) | |
| **RESPECTFUL PARTNERS INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

In this employment discrimination case, Plaintiff alleges that his employer unlawfully discriminated against him based on his disability, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., and based on his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621. Defendant filed a partial Motion to Dismiss [Doc. No. 3] under Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff's age discrimination claim must be dismissed for failure to exhaust administrative remedies. Plaintiff responded in opposition [Doc. No. 6] and Defendant replied [Doc. No. 7].

The ADEA requires a party to exhaust her administrative remedies by filing a charge of discrimination with the EEOC before initiating a lawsuit. *See* 29 U.S.C. § 626(d)(1). The failure to exhaust administrative remedies is an affirmative defense, *see Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185-86 (10th Cir. 2018), which "may be raised in a motion to dismiss when the grounds for the defense appear on the face of the complaint." *Cirocco v. McMahon*, 768 F. App'x 854, 858 (10th Cir. 2019). Dismissal based on an affirmative defense is only proper "when the complaint itself admits all the elements of the affirmative

defense by alleging the factual basis for those elements." *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018). "A plaintiff need not anticipate in the complaint an affirmative defense that may be raised by the defendant; it is the defendant's burden to plead an affirmative defense." *Id.*

Plaintiff's Complaint alleges that he filed a timely charge of discrimination with the EEOC based on disability and age. Defendant disputes this allegation and contends that the charge of discrimination Plaintiff submitted to the EEOC only references discrimination based on disability, with no mention of age. In support, Defendant included a copy of Plaintiff's Form 5 EEOC Charge of Discrimination with its motion to dismiss.

Ordinarily, the sufficiency of a complaint must rest on its contents alone. *Waller v. City & Cnty. of Denver,* 932 F.3d 1277, 1282 (10th Cir. 2019). There is "a limited exception to this rule" that permits a district court to "consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Id.* (internal quotient marks omitted). Defendant contends that consideration of the charge form is proper because it is an indisputably authentic copy that is referred to in the Complaint. Plaintiff disputes that the form is the full record of charging documents submitted to the EEOC.

Generally, when a formal charge of discrimination exists, courts look to the formal charge form, not an earlier filed document, to determine whether a plaintiff administratively exhausted a discrimination claim. *Jones v. Needham*, 856 F.3d 1284, 1290 (10th Cir. 2017). "This is because the charge form, not a previous filing, is given to the employer to notify it of the potential claims against it and ordinarily determines the scope

of the EEOC's investigation." *Id. See also Green v. JP Morgan Chase Bank Nat. Ass'n,* 501 F. App'x 727, 731 (10th Cir. 2012) ("[I]t would defeat the statutory scheme to find exhaustion where an employee includes a claim in the intake questionnaire, but then omits it in a timely subsequent formal charge that forms the basis for the administrative proceedings[.]").

Although Defendant submitted a copy of the formal charge form, the Court finds that consideration of the form is not appropriate at this stage given the dispute about the completeness of the record. *See Lowe v. Town of Fairland,* 143 F.3d 1378, 1381 (10th Cir. 1998) ("[C]ourts have broad discretion in determining whether or not to accept materials beyond the pleadings."). Plaintiff has alleged that he administratively exhausted both his age and disability discrimination claims and the affirmative defense of failure to exhaust administrative remedies does not appear plainly on the face of the complaint. Dismissal is therefore not warranted.

Defendant's Motion to Dismiss [Doc. No. 3] is DENIED. If appropriate, Defendant may seek leave to file a preliminary motion for summary judgment, properly supported with evidence and argument, without prejudice to filing a second motion for summary judgment that addresses the merits of Plaintiff's disability discrimination claim.

IT IS SO ORDERED this 30th day of April, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE